## Citizens Street Railway Company v. Huffer.

[No. 3,453.    Filed April 25, 1901.]

Contributory Negligence.—*Sufficient Averment.—Personal Injury. —Street Railway Passenger.*—Where a complaint for injuries incurred while alighting from a street car avers, after a description of plaintiff's movements in alighting, that "all of which was without negligence on the part of this plaintiff contributing thereto", it sufficiently negatives contributory negligence. *pp. 576-578.*

Appeal and Error.—*Sufficiency of Evidence.—Variance.*—In a complaint for personal injuries incurred while alighting from a street car, an allegation that the street car was negligently started forward with a "sudden quick jerk" causing the injuries complained of, is supported by evidence tending to prove that the car moved either forward or backward causing such injuries. *pp. 578, 579.*

Same.—*Sufficiency of Evidence.*—The appellate tribunal will not disturb a verdict on the ground that it is not supported by the evidence, if there is any evidence at all to support it. *p. 579.*

Trial.—*Argument to Jury.—Waiver.*—One of plaintiff's attorneys made argument to the jury, whereupon counsel for defendant announced his willingness to submit the case to the jury without further argument, and declined to present his views of the case. The attorneys for plaintiff demanded that they be permitted to con-

tinue the argument, which the court allowed over the exceptions of counsel for defendant. Counsel for defendant then answered new points which had been raised in the argument. *Held,* that if the declination of defendant's counsel to continue the argument could deprive opposing counsel of their right, the error of the court in allowing plaintiff's counsel to continue the argument was waived by the subsequent argument of the case by defendant's counsel. *pp. 579, 580.*

TRIAL.—*Instructions to Jury.—Personal Injury.—Street Car.—Issues.* —An instruction that plaintiff claims she was thrown from the car by the motorman releasing the brake, whereby the car was caused to start forward with a sudden jerk, and that if the jury find that when plaintiff was in the act of alighting from the car the motorman released the break, causing it to start with a sudden jerk and throwing plaintiff, without her fault, she should recover, is not erroneous, where there is evidence that the motorman released the brake as stated, although the complaint charges that while plaintiff was alighting from the car defendant negligently "started said car forward with a sudden quick jerk," since such instruction was applicable to the issues. *pp. 580, 581.*

From the Marion Superior Court. *Affirmed.*

*F. Winter* and *W. H. Latla,* for appellant.

*G. W. Spahr,* for appellee.

WILEY, J.—Action by appellee against appellant to recover for injuries received on account of the alleged negligence of appellant. Issues joined by general denial. Trial by jury; verdict and judgment in favor of appellee.

The averments of the complaint are, in substance, as follows: That on or about September 25, 1898, appellee boarded one of the street cars of appellant corporation, at the corner of Cottage avenue and Shelby street in said city, for the purpose of being carried as a passenger to the corner of Washington and Pennsylvania streets in said city; that appellant was a common carrier for hire; that after boarding said car she paid appellant her fare. It is further averred that appellee was carried upon said car to her destination aforesaid; that thereupon said car was stopped for the purpose of allowing appellee to get off; that while she was in the act of getting off of said car, and before she had

Citizens St. R. Co. *v.* Huffer.

a reasonable time to do so, the car was wrongfully, unlawfully, and negligently started forward with a "sudden quick jerk", causing appellee to be thrown on the hard pavement, whereby she received the injuries for which she seeks to recover, "all of which was without any negligence on the part of the plaintiff contributing thereto." Wherefore, etc. The errors assigned are: "(1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that the court erred in overruling the demurrer to the complaint; (3) that the court erred in overruling the motion for a new trial."

We will first consider the question as to the sufficiency of the complaint. Counsel for appellant contend that the complaint is not good for the reasons "(1 ) that it does not sufficiently charge negligence upon the part of appellant; (2) that it does not show that the accident happened and the injuries were caused without concurring negligence upon the part of the appellee", and cite in support of such position *Citizens St. R. Co.* v. *Wagner,* 24 Ind. App. 556. The facts in that case, in substance, were: That appellee signaled to stop the car; that thereupon its speed was greatly slackened, and that upon reaching appellee it was running very slowly; that he then took hold of the handle of the car and attempted to step upon the car; that thereupon the speed of the same was negligently and carelessly increased, without notice, etc., to appellee, and without his fault or negligence, thereby throwing him to the ground and causing the injuries complained of. The complaint was held insufficient in that it did not aver that appellee was free from contributory negligence, since it did not allege that he was without fault in attempting to board the car while it was moving, or that he was free from negligence in the manner in which he took hold of the handle. The complaint avers that appellee was free from fault only as regards the starting of the car. It in no way shows

freedom from fault in taking hold of the handle and in attempting to board the car, or that he would have gotten upon the same without injury if the speed had not been suddenly increased. But in the case at bar it was not attempted to impute negligence to appellant until appellee started to get off of the car. Immediately following the description of her movements in doing this is the averment "all of which was without negligence on the part of this plaintiff contributing thereto." We think this averment sufficient to negative contributory negligence on appellee's part, and that the case above referred to is not in point here. Having held the complaint sufficient as stating a cause of action, there could have been no error in overruling a demurrer thereto for want of facts. There remains to consider, then, only the third assignment of error, i. e., the overruling of the motion for a new trial.

Appellant, in its motion, has assigned eighteen reasons for a new trial. The first reason assigned is that the verdict is not sustained by sufficient evidence. Counsel for appellant contend there is no evidence to support the averment of the complaint that the car suddenly started forward. Appellee, on direct examination, testified that as she was getting off the car "it gave me a jerk and threw me out; I don't know what kind of a motion it was", (referring to the forward or backward motion of the car). And on cross-examination, in answer to the following question, "You did not, as a matter of fact, see any part of the car move?" she said, "I know it moved. It took my feet from under me." Counsel also insist that there is no evidence to satisfy the allegation of the complaint that the car moved or started forward, claiming such allegation to be a material one and that proof of it is essential to a recovery. There was evidence tending to prove that the car moved, either forward or backward. It is not material to a recovery under the issues that it be shown that the car started "forward"; but it is sufficient if it be shown that the car started in either

direction, and that such starting was the proximate cause of the injury. While the evidence does not show in positive terms that the car started forward, there is evidence from which the jury could have found that when appellee was in the act of getting off, the car gave a sudden "jerk", which threw her to the ground and caused the injury. There is not such a variance between this evidence and the allegations of the complaint as to warrant a reversal. We need cite no authorities in support of the rule that a judgment will not be reversed when there is some evidence to support the verdict. We can not place ourselves in the position of the jury, face to face with the witnesses, and environ ourselves with the circumstances and surroundings of the trial, and hence we are precluded from becoming judges of the evidence or the credibility of witnesses.

Where a verdict rests upon contradictory evidence, or where there is any evidence at all to support it, no difference how weak or unsatisfactory it may be, the remedy is with the trial court in passing upon a motion for a new trial, and not by appeal. In this case the trial court passed upon the sufficiency of the evidence to support the verdict in its ruling upon the motion for a new trial, and its conclusion was that there was evidence to support it. In such case the appellate tribunal is left powerless to interfere.

The sixteenth, seventeenth, and eighteenth causes assigned for a new trial relate to the manner in which the argument before the jury was made, and may be considered together. The attorneys for the respective parties having failed to agree as to the time and manner in which the cause should be argued, the court announced that one and one-half hours would be allowed each side. Thereupon one of the attorneys for appellee made an argument occupying twenty minutes of the time allowed. At its conclusion, counsel for appellant announced that he was willing to submit the cause to the jury without further argument, and declined to present his views of the case. Attorneys for appellee objected

and demanded that the other attorney for appellee be permitted to continue the argument. Over the objection and exception of counsel for appellant, this was allowed, and such argument was completed within the time allowed by the court. Counsel for appellant was then permitted to answer any new points which had been raised, which he did. He now complains that such proceedings were irregular and an abuse of the discretionary power of the trial court; and that a portion of the argument upon appellee's right to continue the argument above referred to was made in the presence and hearing of the jury, which was prejudicial to appellant. It is not shown that the jury were improperly influenced thereby. It is doubtful if the declination of appellant's counsel to continue the argument could deprive opposing counsel of their right; and even if it could, such right was waived by their subsequent argument of the case before the jury.

In the criminal code, the order of trial is prescribed, and it is there provided that if the defendant or his counsel refuse to argue the case after the prosecuting attorney had made his opening statement, that shall be the only argument allowed in the case. §1892 Burns 1894, §1823 Horner 1897. No such provision is found in the civil code. If the legislature had intended that the same rule should apply in the trial of a civil cause, it would have made a like provision. As the trial court has discretionary power in regulating the argument in the trial of civil causes, when it exercises such discretion, its action therein will not be reviewed on appeal unless there is a clear abuse of such discretion. We find no such abuse in this case.

Appellant also urges that the court erred in giving instructions one and eight upon its own motion. The objection urged to these instructions is that they did not correctly state the issues. The act of negligence charged in the complaint is, that while appellee was alighting from the car the appellant wrongfully and negligently "started said car forward with a sudden quick jerk", etc. In the first instruc-

tion the court told the jury that it was claimed by appellee that she was thrown from the car by the motorman's releasing the brake, whereby the car was caused to start forward with a sudden jerk, etc.  In the eighth instruction, among other things, the court told the jury that if they found that when appellee was in the act of alighting from the car the motorman released the brake and suddenly caused it to start with a jerk, and such movement of the car caused her to fall, and she was without fault, then she could recover. While the complaint does not aver what caused the car to start, there was evidence from which the jury could have found that the motorman released the brake as stated; and while the first instruction might have been more happily drawn, and in more exact harmony with the averments of the complaint, yet we can not believe that the jury were misled by it and it fairly stated the issues.  And especially is this true when all the instructions are considered together and in the light of the evidence.  Evidence that the brake was released, which caused the car to start with a jerk, was admissible under the issues, and the rule is that it is the duty of the trial court to give to the jury only such instructions as are admissible under the issues, and to see that they are couched in such language as that they may not be misunderstood in applying the law to the facts.  *Hammond* v. *Bookwalter,* 12 Ind. App. 177 ; *Abbitt* v. *Lake Erie, etc., R. Co.,* 150 Ind. 498.  Taking the instructions as a whole, we feel justified in the belief that they were not misleading, were fully understood by the jury, and correctly stated the law applicable to the issues and facts.

It is proper for us to say that appellee's brief contains language that reflects no credit on its author.  We would be derelict in the  discharge of a public duty if we passed it by unmentioned.  Such a brief as we have in this case on behalf of appellee has no fit place upon the records of this court.  It is therefore ordered that it be stricken from the files.

Judgment affirmed.