# INDIANAPOLIS STREET RAILWAY COMPANY v. BROWN.

[No. 4,521.   Filed January 6, 1904.]

APPEAL AND ERROR.—*Harmless Error.*—*Refusal of Instruction Cured by Answers to Interrogatories.*—The refusal of the court to instruct the jury, in an action against a street railroad company for personal injuries sustained by plaintiff by reason of the alleged negligence of defendant in suddenly starting the car while plaintiff was attempting to alight, that if the accident did not happen as alleged, but that she attempted to alight while the car was in motion, there could be no recovery, was harmless, where the answers to interrogatories show that the car was not in motion when she attempted to get off.  *p. 131.*

NEGLIGENCE.—*Street Railroads.*—*Carriers.*—The action of a motorman in suddenly starting a street car while a passenger is in the act of alighting is negligence.  *p. 132.*

CARRIERS.—*Injury to Passenger.*—*Instruction.*—*Street Railroads.*—In an action by a passenger against a street railroad company for injuries sustained by suddenly starting the car while she was attempting to alight, an instruction that while a common carrier is not an insurer of the safety of its passengers, the law exacts of it the highest practicable care for the safety of its passengers in the operation of its cars, and stopping and starting the same to enable passengers to get on and off, and for any failure to exercise such care, and for slight neglect of its duty in this respect, resulting in an accident or injury, it is liable to a passenger, who is herself without fault, for an injury sustained, as the proximate result of such negligence, states the law correctly.  *p. 133.*

TRIAL.—*Interrogatories.*—*Instruction.*—*Carriers.*—*Street Railroads.*—An instruction in an action by a passenger against a street railroad company for injuries sustained while alighting from a car, that if the burden was upon either party to show any particular fact called for in any question, such fact should be established by a fair preponderance of the evidence to warrant answering the question as showing the fact established, and if there was no preponderance of evidence, then such fact would not be proved, and the answer should be in the negative, was proper, since the burden was on defendant as to the question of contributory negligence.  *pp. 133, 134.*

From Hancock Circuit Court; *E. W. Felt*, Judge.

Action by Ida Brown against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, Clarence Winter, Ephraim Marsh, W. W. Cook* and *W. H. Latta,* for appellant.

*W. J. Beckett,* for appellee.

Roby, J.—Action for damages on account of personal injuries averred to have been negligently caused by appellant. Appellee was a passenger upon one of appellant's street cars within the city of Indianapolis, and while attempting to leave the car was thrown or fell to the pavement. Her theory, supported by the testimony of several witnesses, was that she signaled for the car to stop, that it did stop, and that she was in the act of stepping off when it suddenly started ahead, throwing her. Appellant's theory, supported by the testimony of several witnesses, was that she did not wait for the car to stop, but stepped off while it was in motion, and was thereby thrown. That she was injured is not disputed. As to the extent of her injury there was conflicting testimony. Verdict for appellee assessing damages at $1,200, with answers to interrogatories. Motion for a new trial overruled. Judgment on verdict.

The only questions argued relate to the giving of certain instructions and the refusal to give others requested. Appellant asked that the jury be instructed that if the accident did not happen as alleged in the complaint—*i. e.,* by appellee starting to alight from a car that was standing still, but from one that was in motion—there could be no recovery. The answers to interrogatories show that the car was not moving. Error, if any, in refusing the instruction requested was not, therefore, harmful. *Roush* v. *Roush,* 154 Ind. 562.

The seventeenth instruction given was as follows: "If, however, the car was stopped to let the plaintiff alight

therefrom, or so near stopped that an ordinary prudent person using ordinary care to avoid accident would have deemed it safe to alight therefrom, and under such circumstances the plaintiff, using ordinary care to avoid any injury, attempted to get off the car, and while so doing was thrown to the ground and injured, by the motorman in charge of said car suddenly starting the same before she had alighted, then, and in such event, if shown by the evidence the plaintiff would be entitled to recover damages for the injury, if any, received." The clause of the instruction as to appellee alighting before the car stopped is, in any view, rendered harmless by the interrogatory above referred to. The question of due care on the plaintiff's part is expressly left to the jury, as should have been done.

The plaintiff's right to recover is stated, if the facts are found to be that the car was stopped to let her alight, and that she, while attempting to do so, using ordinary care, was thrown and injured by the motorman suddenly starting the car before she had alighted. Had it been stated in the instruction that the plaintiff was entitled to recover, if, in view of all the facts, the motorman "negligently" started the car, it would have been unobjectionable. It is argued with force that, in the absence of such word, the instruction took the question of fact from the jury, and declared the defendant's negligence, without taking into account the circumstances other than those detailed. To start a street car suddenly while a passenger is in the act of alighting therefrom is held to be negligence. *Citizens St. R. Co.* v. *Merl,* 26 Ind. App. 284; *Citizens St. R. Co.* v. *Huffer,* 26 Ind. App. 575. The car having been stopped for the purpose of enabling appellee to alight, appellant was bound to know that she had done so before starting the car again, and suddenly starting it while she was in the act of alighting was an act of negligence. *Anderson* v. *Citizens St. R. Co.,* 12 Ind. App. 194; *Washington, etc., R. Co.* v. *Harmon's Adm.,* 147 U. S. 571,

37 L. Ed. 284, 13 Sup. Ct. 557. No circumstance is suggested, and none occurs, which, as between the carrier and its passenger, would make such act anything but negligence. The instruction is not a model, but there was no error in giving it.

The eighteenth instruction given was as follows: "While a common carrier of passengers is not an insurer of their safety, still, in consideration of the great danger to human life consequent upon the neglect of duty upon the part of the carrier, the law exacts of it the exercise of the highest practicable care for the safety of its passengers in the operation of its cars, and stopping and starting its cars to enable passengers to get on and off the same, and for any failure to exercise such care, and for slight neglect of its duty in this respect resulting in an accident or injury it is liable to a passenger, who is herself without fault, for an injury sustained as the proximate result of such negligence." The law as stated has been declared to be "well settled." *Citizens St. R. Co.* v. *Hoffbauer*, 23 Ind. App. 614-620.

The twenty-ninth instruction related to the answering of interrogatories submitted, and was in part as follows: "If the burden is upon either party to show any particular fact called for in any question, such fact should be established by a fair preponderance of the evidence to warrant you in so answering the question as to show the fact established. If there is no preponderance of evidence on any question—that is to say, if the evidence tending to prove the fact in question is only balanced by the evidence to the contrary—then such fact would not be proved, and your answer should be in the negative." It is argued that the instruction is bad on the authority of *Citizens St. R. Co.* v. *Reed,* 151 Ind. 396. The language of the instruction condemned in that case is practically the same as that of the last clause above quoted. The difference is that in the Reed case the burden was upon the plaintiff to establish

both the defendant's negligence and resulting damage, and her own freedom from contributory negligence, and an instruction, therefore, which put the burden upon the defendant as to any portion of the issue was erroneous, while in the case at bar the burden is upon the defendant as to the question of contributory negligence. The instruction given discriminates between questions upon which the appellant had the burden and those upon which appellee had it, and therefore accords with the holding in the case cited.

The substance of the instructions refused, in so far as they contained correct statements of the law, was fully covered by other instructions given by the court.

Judgment affirmed.