# Indianapolis Traction & Terminal Company
## *v.* Miller.

[No. 6,123. Filed October 17, 1907.]

1. PLEADING.—*Complaint.—Initial Attack on Appeal.*—A complaint attacked for the first time on appeal, is sufficient, if the facts alleged will bar another action for the same cause. p. 404.

2. SAME.—*Complaint.—Carrier and Passenger.—Street Railroads.—Negligence.*—A complaint alleging that the plaintiff was a passenger on defendant street railroad company's car, and that as she was alighting therefrom the motorman negligently started the car, causing her to fall and receive injuries, states a cause of action. p. 404.

3. TRIAL.—*Instructions.—Enumeration of Facts Constituting Negligence.—Street Railroads.*—An instruction that if the plaintiff was a passenger on defendant street railroad company's car, and that while in the act of alighting the motorman negligently started the car with a jerk, thereby throwing plaintiff, to her injury, the verdict should be for her, unless the evidence shows her guilty of contributory negligence, is correct, negligence in starting the car being the only negligence alleged in the complaint. p. 405.

4. SAME. — *Instructions. — Contributory Negligence.—Evidence.—Burden of Proof.*—An instruction, in a personal injury case, that if certain facts are found, the verdict should be for plaintiff,

404    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Miller—40 Ind. App. 403.

unless it has been "shown" by the evidence that she was guilty of contributory negligence, is not erroneous, where other instructions clearly defined such negligence and outlined the proof necessary to establish same, and placed the burden of proof as to such issue upon defendant. p. 406.

5. APPEAL.—*Weighing Evidence.*—Where there is some evidence tending to establish all of the material facts in a case, the judgment will not be disturbed on appeal. p. 407.

From Superior Court of Marion County (67,486) ; *Vinson Carter,* Judge.

Action by Jennie Miller against the Indianapolis Traction & Terminal Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta,* for appellant.
*Caleb S. Denny* and *George L. Denny,* for appellee.

COMSTOCK, C. J.—Action for personal injury. The complaint was in one paragraph. It alleges that when the plaintiff was in the act of alighting from one of appellant's cars, and before she had stepped from the running-board the car was started forward, throwing her to the ground and causing the injuries for which she sues. Appellant answered by general denial. The case was submitted to a jury, and verdict returned against defendant, on which judgment was rendered for $5,000.

That the complaint does not state facts sufficient to constitute a cause of action is the first error assigned. As the complaint is attacked for the first time in this court it is only necessary to determine its sufficiency to bar another action for the same cause. It sets out the following facts by direct averment. On June 22, 1904, having paid her fare for transportation, she was a passenger on one of defendant's cars in charge of a motorman and conductor thereof, at a time and place definitely stated, and, after the car had stopped for the passengers to alight at a place where plaintiff was to change cars, the motorman, without giving any warning, with a sud-

den and violent jerk, started said car, thereby throwing plaintiff to the pavement. Then follows a statement of her injuries. The facts directly alleged are sufficient as against this first attack. *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568.

The second and remaining error assigned is the overruling of appellant's motion for a new trial.

The reasons set out in said motion, which are discussed, are that the verdict of the jury is not sustained by sufficient evidence, is contrary to law, and that the court erred in giving to the jury of its own motion instruction eight, which is as follows: "If you believe from the evidence that the plaintiff was a passenger upon one of defendant's street-cars at the time and place in controversy; that said car had stopped for the purpose of allowing passengers to alight therefrom; that the plaintiff attempted so to alight; that while she was in the act of so doing the defendant negligently started said car forward with a sudden jerk or movement, thereby throwing plaintiff to the pavement and injuring her—then the plaintiff would be entitled to recover, unless it has been shown by the evidence that plaintiff was herself guilty of negligence which approximately contributed to her injury, in which latter case plaintiff would not be entitled to recover." It is argued that the instruction was erroneous, because: (1) It attempted to confine the consideration of the jury to certain facts, and to exclude other facts which should have been considered; (2) it invaded the province of the jury, "as it was a question of fact for the jury as to what facts constituted negligence;" (3) because the facts in the instruction are not sufficient, standing alone, to warrant the court in instructing the jury peremptorily to find for the plaintiff. It is unquestionably error in an instruction to limit or confine the consideration of a jury to certain facts to the exclusion of others that are important. The negligence charged is the negligent starting

of the car without warning, with a sudden jerk. This was the gist of the action, and if the plaintiff was free from negligence contributing to her injury the consideration of other facts was unnecessary. The question of the negligent starting of the car was left to the jury by the conditional form in which the instruction is put. The instruction is not peremptory, but is based upon the finding by the jury of the facts which would make the starting of the car negligent. The facts being found by the jury, it was for the court to pronounce the law.

It is argued, too, that the instruction incorrectly states the degree of proof required on the question of contributory negligence. Attention is directed to the words, "unless it has also been shown by the evidence that the plaintiff was herself guilty of contributory negligence." The use of the word "shown" is criticised for the reason that it implies demonstration, and the expression, "shown by the evidence" is criticised on the ground that it implies demonstration by all the evidence, when "contributory negligence" need only be proved by a preponderance of the evidence, and need not be "shown" by the evidence nor by all the evidence, and "any evidence or the evidence of only one witness may amount to a preponderance in the minds of the jury."

The fourth instruction given defined contributory negligence, and told the jury that it was a defense to an action for personal injuries, that "the burden is upon the defendant to show contributory negligence by a fair preponderance of the evidence. But if the evidence as a whole, by whomsoever produced, does establish such contributory negligence, then it will avail the defendant and prevent the plaintiff from recovery." In instruction seven the court told the jury that it was the duty of a passenger in alighting from a car to use reasonable care to avoid injury; that a passenger should not attempt to alight while the car is in motion, if the motion is such as to make it dangerous to do so; that, in attempting to

alight while the car is in motion, a passenger assumes the additional risk necessarily attendant upon such attempt, if there be any. The ninth instruction given informed the jury that if it appeared from the evidence that the plaintiff attempted to alight from the car before it had stopped, and if her injury was caused by the attempt to alight while the car was in motion, she would not be entitled to recover.

In view of all the instructions given, and they are to be considered as a whole in determining the effect of any one, the proposition of appellant's counsel that any evidence, "or the evidence of only one witness, may amount to a preponderance in the minds of the jurors," is, we think, unwarranted.

It is insisted that appellee was proved guilty of contributory negligence by the undisputed physical facts, and 5. that her own negligence was the efficient cause of her injury. We cannot concede this claim. We cannot say that the verdict is without support.

Judgment affirmed.