## INDIANAPOLIS TRACTION AND TERMINAL COMPANY v. MILLER.

[No. 6,728. Filed May 25, 1909.]

1. TRIAL.—*Instructions.—Proof of Complaint.—Street Railroads.*— In an action by a passenger against a street railway company for damages for personal injuries, an instruction that before the plaintiff can recover she must establish by a preponderance of the evidence "all the material allegations contained in her complaint," without naming them, is not erroneous. p. 719.

2. TRIAL.— *Instructions.— Supplementary.*— Instructions must be considered together, and an indefinite instruction which is supplemented by another which is definite, is not improper. p. 719.

3. TRIAL.— *Instructions.— Contributory Negligence.— Street Railroads.*—In an action by a passenger against a street railroad company for damages for personal injuries, an instruction that if any negligence on the part of the plaintiff contributed to the injury, she could not recover, that defendant must prove such contributory negligence by a preponderance of the evidence, and that if "the whole evidence in the case shows contributory negligence on plaintiff's part, whether such evidence be produced either by plaintiff or defendant, or by both combined," the plaintiff cannot recover, is not erroneous. p. 719.

4. NEGLIGENCE.—*Contributory.—Defense.*—Contributory negligence constitutes a defense. p. 720.

5. TRIAL.—*Instructions.—Contributory Negligence.—"Whole" Evidence.*—An instruction, in a personal injury case, that if the "whole" evidence in the case shows contributory negligence, the plaintiff cannot recover, is not misleading. p. 720.

6. TRIAL.— *Instructions.— Street Railroads.— Stopping Cars.*— An instruction, in an action, for personal injuries, against a street railroad company, that the company "will be negligent if, by its employes in charge of said car, it should permit the car, after

being stopped, to start while such passenger is in the act of alighting," to the passenger's injury, is not erroneous, a different rule applying to steam railroads. p. 721.

7. STREET RAILROADS.—*Negligence.—Starting Car While Passenger is Alighting.*—The starting of a car while a passenger is alighting constitutes negligence. p. 722.

8. TRIAL.—*Instructions.—Enumerating Facts Constituting Negligence.*—An instruction that if defendant street railroad company should permit its car to start while a passenger is alighting, such act would constitute negligence, is not erroneous because of stating what facts constitute negligence. p. 722.

9. TRIAL.—*Instructions.—Street Railroads.—"Permitting" Car to Start.*—An instruction that a street railway company would be guilty of negligence if it should "permit" its car to start while plaintiff was alighting, to her injury, is not misleading. p. 722.

10. NEW TRIAL.—*Misconduct of Jury.—Quotient Verdict.—Affidavit.—Necessary Facts.—Impeaching Verdict by Jury.*—An affidavit for a new trial, by an attorney in the case, alleging that the jury returned a quotient verdict, but failing to state the source of his information, is insufficient, since jurors cannot be heard directly or indirectly to impeach their own verdict. p. 723.

From Superior Court of Marion County (71,109) ; *James M. Leathers,* Judge.

Action by Anna M. Miller against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta,* for appellant.

*Henry N. Spaan,* and *Bernhart E. Sattler,* for appellee.

COMSTOCK, J.—Appellee recovered judgment in the court below for $2,425, damages for personal injuries alleged to have been sustained by being thrown from one of appellant's cars by the sudden starting thereof after same had been stopped to allow her to alight. The complaint is in one paragraph, alleging negligence in the starting of the car after it had been stopped to allow appellee to alight, and while she was in the act of alighting, to which appellant answered by general denial.

The only error discussed is the action of the court in overruling appellant's motion for a new trial, and, of the reasons

MAY TERM, 1909. 719

Indianapolis Traction, etc., Co. v. Miller—43 Ind. App. 717.

therefor, the only ones discussed are the alleged errors in giving to the jury instructions numbered three, six, and nine, and the misconduct of the jury trying said cause.

Said instruction three reads as follows: "Under the issues thus formed by the pleadings the burden is upon the plaintiff, before she can recover, of establishing, by a fair preponderance of the evidence, all the material allegations contained in her complaint." It is objected to upon the ground that it "left the jury free to determine for itself what were the material allegations of the complaint, and what allegations plaintiff must prove to entitle her to recover." The instruction is supported by the following decisions: *Indianapolis, etc., R. Co.* v. *Stout* (1876), 53 Ind. 143; *Terre Haute Electric Co.* v. *Kieley* (1905), 35 Ind. App. 180.

Instructions are not to be taken singly, but are to be considered together, so that, if said instruction is lacking in fullness, it is supplied by instruction five, which is definite and complete, and reads thus: "Before the plaintiff is entitled to recover in this case, she must establish, by a fair preponderance of the evidence: (1) That she received the injuries, or some part thereof, as alleged in her complaint; (2) that the carelessness and negligence of the defendant company, its agents or servants, were the direct and proximate cause of such injury."

Instruction six is in the following language: "If you believe from the evidence that the carelessness and negligence, if any there was on the part of the plaintiff, contributed to the alleged injuries complained of, I instruct you that she cannot recover; but the burden of proof is upon the defendant to show that plaintiff was guilty of such contributory negligence, if any there was, and the defendant must prove that fact by a fair preponderance of the evidence. If, however, the whole evidence in the case shows contributory negligence on plaintiff's part, whether

720    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. v. Miller—43 Ind. App. 717.

such evidence be produced either by plaintiff or defendant, or by both combined, then such defense would be made out.'' It is insisted that the foregoing instruction warrants the jury ''in finding in favor of plaintiff on the question of contributory negligence, unless 'the whole evidence in the case shows contributory negligence.' '' ''It effectually deprives defendant of the defense of contributory negligence, for unless all of plaintiff's as well as defendant's evidence proved it, the defendant failed to come up to the measure of the amount of proof prescribed by the court. The court said 'whole' evidence, and the clear meaning of the word 'whole' is the meaning we must infer the jury gave it.''

The burden of establishing contributory negligence in an action for personal injuries is on the defendant. This must be done by a fair preponderance of the evidence in the

4. case. *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 306.

The term ''whole'' evidence, employed in the instruction, is not misleading. In the case of *Town of Sellersburg* v. *Ford* (1906), 39 Ind. App. 94, this court held the fol-

5. lowing instruction to be correct: ''The burden of proving contributory negligence is on the defendant, but it may arise on the whole evidence.'' In the case of *Indianapolis Traction, etc., Co.* v. *Miller* (1907), 40 Ind. App. 403, the jury was instructed that ''the burden is upon the defendant to show contributory negligence by a fair preponderance of the evidence. But if the evidence as a whole, by whomsoever produced, does establish such contributory negligence, then it will avail the defendant and prevent the plaintiff from recovery.'' We think the meaning intended, and as understood by the jury by this instruction, was that if the evidence as a whole, whether produced by appellant or appellee, established such contributory negligence, it would be a defense to the action and prevent a recovery.

Instruction nine was as follows: ''Said car should, after the same has been stopped, be held a sufficient time to enable

MAY TERM, 1909. 721

Indianapolis Traction, etc., Co. v. Miller—43 Ind. App. 717.

each passenger to get clear of the car; and the com-
6. pany will be negligent if, by its employes in charge
of said car, it should permit the car, after being
stopped, to start while such passenger is in the act of alight-
ing." This was claimed to be erroneous, because "the duty
of a common carrier is to stop its car a sufficient length of
time to allow a passenger with reasonable promptness to
alight therefrom." *Louisville, etc., R. Co.* v. *Costello*
(1894), 9 Ind. App. 462, is cited by appellant. In the case
last named the jury returned a special verdict. The material
facts found tending to charge appellant with negligence and
relieve appellee from fault were in substance: "That when
said passenger train reached the platform provided by ap-
pellant for passengers at the station, it stopped three
minutes, and that other passengers got off and on the train,
and that appellee, while said train was standing still, care-
fully, and without unreasonable delay, went out on the plat-
form of the car and attempted to get off onto the platform
at the depot; and that the servants of appellant, while ap-
pellee was in the act of attempting to get off said train, sud-
denly started said train in motion, and by reason thereof
appellee was violently thrown from said car to the ground."
It is said in the opinion: "The court will take judicial
notice of the fact that ordinarily a stop of a passen-
ger-train for three minutes, at a station for the purpose of
allowing passengers to get on or off the train, is reasonable
and adequate. In other words, it is not ordinarily negligence
*per se* to fail to stop a passenger-train for such purpose for
a longer period than three minutes. If any special reason
existed in this instance requiring a longer stop, such reason
should have been shown." "There is a marked difference
between the duties the law imposes upon those who operate
street railways and those who operate ordinary steam rail-
ways. * * * Stopping a reasonable time is not sufficient,
but it is the duty of the conductor or those in charge to see

722    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. v. Miller—43 Ind. App. 717.

and know that no passenger is in the act of alighting or in a dangerous position before putting the car in motion again. *Highland Ave., etc., R. Co.* v. *Burt* [1890], 92 Ala. 291, 9 South. 410, 13 L. R. A. 95; *Birmingham Union R. Co.* v. *Smith* [1890], 90 Ala. 60, 8 South. 86, 24 Am. St. 761.'' *Anderson* v. *Citizens St. R. Co.* (1895), 12 Ind. App. 194, 197.

To start a street-car suddenly, while a passenger is in the act of alighting therefrom, is held to be negligence. *Citizens St. R. Co.* v. *Huffer* (1901), 26 Ind. App. 575; *Citizens St. R. Co.* v. *Merl* (1901), 26 Ind. App. 284; *Indianapolis St. R. Co.* v. *Brown* (1904), 32 Ind. App. 130. See, also, *Crump* v. *Davis* (1904), 33 Ind. App. 88; 1 Fetter, Carriers, §72; Booth, Street Railways, §349; 3 Thompson, Negligence (2d ed.), §§3519, 3520.

The additional objection is made to the ninth instruction that ''this part of the instruction is erroneous in that it states what facts will constitute negligence.'' The instruction is conditional. It leaves to the jury the question of the negligent starting of the car. A similar instruction is considered in *Indianapolis Traction, etc., Co.* v. *Miller, supra.* See, also, *Indianapolis St. R. Co.* v. *Brown, supra; Anderson* v. *Citizens St. R. Co., supra; Crump* v. *Davis, supra; Union Traction Co.* v. *Siceloff* (1905), 34 Ind. App. 511; *Citizens St. R. Co.* v. *Hoffbauer* (1900), 23 Ind. App. 614.

The use of the word ''permit'' in the instruction is also criticised as charging the appellant with negligence, ''regardless of whether the starting of the car was caused by negligence, or whether there was any negligence connected with the circumstances, or even whether the starting could have been prevented by the highest degree of care.'' The complaint alleges the affirmative negligence of putting the car in motion. The contention of appellant was that appellee attempted to alight before the car had been stopped. There is nothing in the entire record to suggest

the idea of an avoidable starting of the car, and so there was nothing in the use of the word "permit" to induce the jury to believe that appellant "permitted" the car, except in the sense that it was powerless to prevent it by the exercise of the highest degree of care. It is apparent that the court used it in the sense of some active negligence on the part of the appellant, either in starting the car or in allowing it to start when it could have prevented it. The jury could not have been misled by this instruction.

In support of its motion for a new trial, appellant alleges certain misconduct of the jury while in the jury room in arriving at a verdict, and that the verdict was a quotient or average verdict, and therefore illegal. For proof of said alleged misconduct, appellant relies upon the affidavit of Will H. Latta. Said affidavit does not state the source of affiant's knowledge, or how he came to know the facts set out. Lacking this, the affidavit was insufficient to sustain the motion as decided in *Hutchins* v. *State* (1898), 151 Ind. 667, following the case of *Stanley* v. *Sutherland* (1876), 54 Ind. 339, and overruling *Houk* v. *Allen* (1891), 126 Ind. 568, 11 L. R. A. 706; and *Chicago, etc., R. Co.* v. *McDaniel* (1893), 134 Ind. 166, cited by appellant. See, also, *Treschman* v. *Treschman* (1902), 28 Ind. App. 206. In the first case named the question is ably discussed and the Indiana cases considered with numerous decisions from other jurisdictions. The conclusion is reached upon the ground that such statement could not be received from a juror to impeach a verdict, or from one deriving his knowledge from a juror (at second hand), because the inhibition of the law against jurors' impeaching their verdict would thus be destroyed.

Judgment affirmed.