## PHILLIPS *v.* YOUNT ET AL.

[No. 10,054.  Filed June 5, 1919.  Rehearing denied October 9, 1919.  Transfer denied January 7, 1920.]

1.  APPEAL.—*Instructions.—Absence of Evidence.—Presumptions.—* When the evidence is not in the record, if instructions given would be proper under any evidence admissible under the issues,

it will be presumed that such evidence was admitted, and no reversal will be had unless the instructions given are so radically wrong as to be incorrect as applied to any case supposable under the issues. p. 120.

2.   TRIAL.—*Instructions.*—*Word "Complaint" When There Are Two Paragraphs.*—An instruction relative to the burden of proof is not erroneous because addressed to the complaint generally, when there are two paragraphs thereof, where there is no material difference between such paragraphs. p. 120.

3.   TRIAL.—*Instructions.*—*Negligence.*—*Error Cured by Other Instructions.*—Where the complaint stated more than one act of negligence, it is not correct to instruct that "the burden is upon the plaintiff to prove all the material allegations of his complaint," but where, in connection therewith, the court also instructs that, in order to recover, the plaintiff need only prove some act of negligence charged, and that such act was the proximate cause of the injuries complained of, and that all the law of the case was not embodied in any one instruction, and to construe each instruction in the light of and in harmony with the others given, there was no reversible error therein. p. 120.

From Marion Superior Court (97,777) ; *Vincent G. Clifford,* Judge.

Action by Tennyson Phillip, by next friend, against Horace J. Yount and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Nathan C. Redding,* for appellant.
*Fred B. Johnson* and *Paul G. Davis,* for appellees.

REMY, J.—Appellant, suing by his next friend, commenced this action against appellees, a partnership, for personal injuries alleged to have been sustained by appellant as a result of alleged negligence of appellees, in whose machine shop he was at the time employed. To the complaint the defendants filed a general denial. Trial by jury resulted in a verdict for appellees. The only error assigned is the action of the court in overruling the motion for a new trial; and the only questions presented for our considera-

tion arise upon exceptions to certain of the court's instructions.

The evidence is not in the record. Therefore, if the instructions given would be proper under any evidence which might have been admitted under the issues, this court will presume that such evidence was in fact admitted, and will not reverse the judgment on instructions given, unless they are so radically wrong that they could not be correct as applied to any supposed case which might have been made under the issues. *Rapp* v. *Kester* (1890), 125 Ind. 79, 25 N. E. 141.

This will preclude the consideration of all the instructions challenged excepting instruction No. 3 given by the court on its own motion. This instruction is as follows: "Under the issues thus formed, the burden is upon the plaintiff to prove all the material allegations of his complaint by a fair preponderance of the evidence before he can recover."

It is urged that the giving of this instruction was reversible error (1) because there were two paragraphs of complaint, proof of either of which was sufficient, and (2) for the reason that it was not necessary to prove all allegations of either paragraph, but only such as were necessary to constitute a cause of action. We find upon examination that there is no material difference between the two paragraphs of complaint. Not only that, but, as shown by the record, the court construed the two paragraphs as substantially the same, and instructed the jury that, "although the complaint is in two paragraphs, the essential allegations are the same in both." However, the complaint did state more than one act of negli-

gence, any one of which might have caused the alleged injury. It will be seen that the instruction in controversy is an instruction on the burden of proof, and not an instruction which purports to set forth averments of the complaint that must be proved to entitle the plaintiff to recover. The instruction standing alone did not correctly state the law applicable to the case. Nevertheless, the court by other instructions told the jury that, in order to recover, it was only necessary for the plaintiff to prove some act of negligence set out in the complaint, and that such negligence was the proximate cause of the injuries of which complaint was made. The court also instructed the jury that "all the law applicable to the case is not embodied in any one instruction," but that "in construing any one instruction, the jury must construe it in the light of, and in harmony with every other instruction given." See *Indianapolis Traction, etc., Co.* v. *Miller* (1909), 43 Ind. App. 717, 88 N. E. 526. There was no reversible error in giving instruction No. 3.

Judgment affirmed.