THE ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY

*v.*

JOSIAH K. GILHAM.

1.  RAILROADS—*diligence required to prevent injury by fire.*   Railroad companies should use all the appliances of science, and the highest degree of diligence, to prevent the destruction of property contiguous to their lines, by means of fire escaping from their passing engines.

2.  NEW TRIAL — *verdict contrary to evidence.*   In an action against a railroad company to recover for damage to property along its line, occasioned by fire escaping from a passing locomotive, it was at least a matter of doubt from the evidence whether the proper appliances and diligence were used to prevent the escape of the fire, and the court refused to disturb a verdict against the company.

Appeal from the Circuit Court of Madison county; the Hon. Joseph Gillespie, Judge, presiding.

The opinion of the Court contains a sufficient statement of the case.

Mr. Levi Davis, for the appellants.

Mr. David Gillespie, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action brought by Gilham against the railway company, to recover damages for hay, meadow and fencing, destroyed by fire communicated by the locomotive of a passing train. Gilham recovered a verdict and judgment, and the company appealed.

The only point made by the appellant is that the verdict is against the evidence. It is urged that the case shows no negligence on the part of the appellant.

A witness for the plaintiff testifies, that after the train passed he first saw fire in his own meadow, and put it out. He then discovered fire in a neighbor's meadow, and extinguished that. He then saw fire in the plaintiff's meadow, but, before he could reach it, the hay was consumed. The fire, he says, seemed to follow the train through four or five different farms and caught in the meadows from forty to fifty feet from the track. The defendant called a witness who had charge of their sheet-iron works, and who testified that all the engines of the company were fitted with the best modern improvements to prevent the emission of sparks, and that the engine in question had them when it left the works of which he had charge, but he did not know whether it had them on the day when the fire occurred. The netting used to confine the sparks could be removed, but with much difficulty. Its removal increases the draft and makes more steam.

This was substantially all the evidence except what related to the value of the property destroyed, and we do not think it

a case in which we should set aside the verdict as unsustained by the evidence. The fact that the fire, in the language of the witness, seemed to follow the train through four or five different farms, certainly raises a strong presumption, either that the modern improvements of which the witness for the defendant speaks, had been removed from this particular locomotive, or were out of repair. It is certainly a very unusual thing for a train to leave such a track of devastation behind it. To rebut the inference which the jury probably drew from this circumstance, the defendant did not call any employee who was on the train, but only the witness who had charge of a repair shop, and who could only testify as to the condition of the locomotive when it left his hands. As this court has already had occasion to remark, it is not requiring too much of railway companies, which are sending over the country so dangerous an element as fire, that they should use all the appliances of science, and the highest degree of diligence, to prevent the destruction of the immense amount of property contiguous to their lines. Whether such appliances and such diligence were used in this case, is at least a matter of doubt. The jury have found they were not, and we cannot disturb their verdict.

The judgment is affirmed.

*Judgment affirmed.*