CHICAGO & ALTON RAILROAD COMPANY

V.

HENRY M. HUNT AND WILLIAM KESSINGER.

*Railroads—Escape of Fire from Locomotives—Precautions Required—Rule—Instructions.*

C. & A. R. R. Co. v. Hunt.

1. It is the duty of railroads to use every possible precaution to prevent loss to others through the escape of fire or sparks from their engines, by the highest degree of diligence in ascertaining and adopting the best or most approved mechanical inventions and appliances to prevent the escape of fire.

2. In an action against a railroad company to recover damages for the alleged burning of a building by sparks emitted from the defendant's locomotive, it is improper to instruct the jury that it was the duty of the defendant to use "all the best and most approved mechanical inventions" to prevent loss from the escape of fire or sparks from its locomotives.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Green County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BROWN & KIRBY, for appellant.

Messrs. MARK MEYERSTEIN and JOHN I. RINAKER, for appellees.

CONGER, J. This suit was brought by appellees to recover damages for the alleged burning of their elevator by sparks emitted from one of the locomotives of appellant at White Hall, Illinois, on the 9th day of July, 1885, and they recovered a judgment for $8,022.50.

The first instruction given for appellees was as follows: "No. 1. The court instructs the jury for the plaintiffs, Hunt and Kessinger, that if they believe from the evidence that the plaintiffs' elevator and contents of same, in question in this suit, were destroyed by fire on or about the 9th day of July, 1885, by fire or sparks escaping from the defendant's locomotive while passing along the railroad, in manner and form charged in plaintiffs' declaration or any count thereof, then, under the laws of this State, the plaintiffs have made out a *prima facie* case of negligence of the defendant, and by law the burden of proof is then upon the defendant to overcome such *prima facie* case of negligence by a preponderance of the evidence; first, that the defendant used, at the time it is charged the elevator was destroyed by fire, as above stated,

every possible precaution *by the use of all the best and most approved mechanical inventions on the locomotive then used* to prevent loss from the escape of fire or sparks from such locomotive along the line of its road ; second, that such locomotive engine and all such appliances to prevent loss from escape of fire or sparks, as above stated, was at the time in good repair ; lastly, that said locomotive engine was at the time carefully and skillfully handled by a competent engineer."

We do not think this instruction correctly states the law. It informs the jury that it is the duty of appellant "to use every possible precaution, *by the use of all the best and most approved mechanical inventions* on the locomotive then used, to prevent loss from the escape of fire or sparks from such locomotive along the line of its road." This is stating the rule too broadly. Railroads can not comply with its requirements, although they may have the very best mechanical inventions known, unless such inventions have also been so generally used upon railroads as to be regarded as *approved*, the road would be in fault.

On the other hand, although appellant might use those inventions in general use and generally *approved* by those having skill and experience in such matters, still if it could be shown that there existed a better invention which had not come into general use, and of the existence of which perhaps appellant, by the highest degree of diligence, could not know, it would be condemned under the language of this instruction.

We think a compliance on the part of appellant with either branch of the proposition would absolve it from liability.

If appellant could show that the mechanical contrivance used upon its engines for arresting sparks was better and more effective to accomplish that purpose than any other, it would surely have performed its duty, although it might be shown that such contrivance had not come into general use, and therefore had not been approved by railroads generally. On the other hand, in the language of the Supreme Court in T., W. & W. Ry. Co. v. Com'r, 71 Ill. 496, "The rule announced in these cases only requires the use of the most approved machinery, but not the best known that mechanical skill and

ingenuity can devise and construct, whether approved or even unknown to appellants or perhaps beyond their means of being known by the use of all reasonable efforts."

We think the true rule is that it is the duty of railroads to use every possible precaution to prevent loss to others by escape of fire or sparks of fire from their engines, by the highest degree of diligence in ascertaining and adopting the best or the most approved mechanical inventions and appliances to prevent the escape of fire.

One of the vital questions made in the case was as to whether appellant had complied with its duty in providing the locomotive, from which it is charged the fire originated, with proper safeguards against emitting sparks. Hence the error in this instruction was fatal to a fair and proper presentation of the question to the jury, and requires a reversal of the judgment, that, upon a new trial, the law upon this question may be properly given to the jury.

We see no objection to appellees' ninth instruction, but think it is supported by Sec. 104, of Chap. 114, R. S.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*