## TOLEDO, ST. LOUIS & WESTERN RAILROAD COMPANY *v.* SULLIVAN ET AL.

[No. 6,126. Filed March 12, 1908.]

1. PLEADING.—*Complaint.—Railroads.—Setting Fires.—Consequent Damages.*—A complaint alleging that plaintiffs owned a house of the value of $4,000; that defendant railroad company negligently set it on fire whereby it was totally destroyed, and demanding damages therefor, is sufficient on demurrer, though it does not in terms allege that plaintiffs were damaged by reason of such fire. p. 392.

2. RAILROADS.—*Setting Fires.—Defective Spark-Arresters.—Circumstantial Evidence.*—Evidence showing that defendant railroad company's freight-engine passed within 100 feet of plaintiffs' mill; that such engine was "working hard," and throwing sparks and cinders promiscuously to a distance of 110 feet; that first-class spark-arresters would not so emit sparks and cinders, and that about twenty minutes later plaintiffs' mill burned, supports a verdict for plaintiffs that defendant set the fire, and that a defective condition of defendant's spark-arrester was the cause thereof.  p. 393.

3. TRIAL.—*Instructions.—Peremptory.—Railroads.—Setting Fires.* —A peremptory instruction should be refused, where plaintiffs proved by circumstantial evidence that defendant railroad company, by the use of its defective spark-arrester, set fire to plaintiffs' mill and destroyed it.  p. 395.

4. RAILROADS.—*Setting Fires.—Standard of Care.*—Railroad companies are required to use ordinary care under the circumstances to prevent the setting of fires.  p. 396.

5. TRIAL.—*Instructions.—Railroads.—Setting Fires.—Standard of Care.*—Instructions stating that railroad companies are required to use a high degree of care and skill to prevent the escape of fire from their engines, are not prejudicially harmful, where other parts of the instructions correctly state that ordinary care under the circumstances is the requirement, such high degree of care and skill evidently referring to the equipment of the locomotives with spark-arresters.  p. 396.

From Grant Superior Court; *B. F. Harness,* Judge.

Action by James H. Sullivan and another against the Toledo, St. Louis & Western Railroad Company. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Guenther & Clark, Clarence Brown* and *Charles A. Schmettau,* for appellant.

*T. B. Dicken, W. D. Lett* and *W. E. Haisley,* for appellees.

MYERS, J.—The complaint alleges that on November 9, 1903, appellees, as partners, were the owners of a sawmill, buildings, lumber, etc., situate in the town of Van Buren, this State, and contiguous to the right of way used by appellant in operating its trains of cars and locomotive engines through said town, and Grant county; that on said day appellant, in the use of one of its locomotives, and by reason

of the insufficient, defective, unsafe and dangerous condition of the spark-arrester with which said locomotive was equipped, negligently permitted large coals of fire to be emitted and thrown therefrom upon said property, whereby said property was set on fire and destroyed. To recover damages for such alleged negligence appellees instituted this action against appellant. The amended first paragraph of complaint, answered by a general denial, formed the issues submitted to a jury, resulting in a verdict for appellees. Over appellant's motion for a new trial judgment on the verdict was rendered for $1,854.16.

The overruling of appellant's demurrer to the first amended paragraph of the complaint for want of facts and its motion for a new trial are the only errors relied on for a reversal of the judgment.

The objection urged against the complaint is that it does not allege that appellees sustained any damage. On this point, from the allegations of fact, it appears that ap-
1.   pellees, as partners, were the owners of certain property; that it was of the value of $4,000; that it was totally destroyed by fire by reason of the negligence of the appellant, and for the value of the property thus destroyed judgment was demanded. It is true, as appellant insists, that the complaint to be good as against a demurrer for want of facts must show that complainants sustained damages, resulting proximately from the negligent acts or omissions charged against the defendant. While the complaint does not, with that clearness demanded by good pleading, allege that appellees sustained damages in the sum of $4,000, yet from the facts appearing no other conclusion could reasonably be drawn, and this being true, the allegations of fact in the complaint fully apprised appellant of the cause of action, and the complaint was sufficient as against the demurrer. §343 Burns 1908, cl. 2, §338 R. S. 1881; *Chicago, etc., R. Co.* v. *McDaniel* (1893), 134 Ind. 166, 171; *Morris* v. *Ellis* (1897), 16 Ind. App. 679.

The first reason argued in support of the motion for a new trial is that the verdict is not sustained by sufficient evidence, in that the evidence does not show that the fire orig-

2.  inated from one of appellant's engines, nor that it was caused by any negligence of appellant. The record in this case discloses evidence tending to prove that appellees' property on the day it was destroyed by fire was located about one hundred feet north of appellant's main railroad track. About 3 o'clock in the afternoon of said day one of appellant's locomotives, pulling a heavy freight-train and running very slow—about four miles an hour—passed appellees' mill. The train was headed west, and the engine, while passing said mill, threw sparks and coals of fire, some larger than grains of corn, around, upon and beyond the mill building. Some of the witnesses testified that "the engine was working hard" and "throwing cinders pretty thick," which fell around a person 110 feet north of appellant's tracks. A witness, at the time working about ninety-four feet from the track, and near the mill, testified that when the engine passed he noticed the cinders "coming heavy." Another testified that he was just east of the mill, and that cinders as large as grains of corn, "some were black and some were red," fell around him and some struck and burned his hands. At that time there was no fire about the mill. The weather was very dry, and a strong wind was blowing from the south or southwest. About twenty or thirty minutes after the train passed the mill was discovered to be on fire. The fire started in the southwest corner at a point about thirty-five or forty feet from the mill furnace or boiler room. The mill building was sided with cotton wood boards, and had a new shingle roof. There was an opening in the building at the place where the fire started. A witness who had been a locomotive engineer for twenty-four years, after describing to the jury spark-arresting appliances in use, testified that if the spark-arrester had been in good condition—no holes in it—sparks of fire and cinders

would not have been thrown a distance of 100 feet. To the question: "If a locomotive engine was throwing an excessive amount of cinders, some of them as large as grains of corn, to a distance of 110 feet, what, in your opinion, would be the cause of that engine's throwing them?" he answered: "I would think there must be something defective in the apparatus. Either the netting would be defective, or the deflecting plate would be loose, or something of that kind."

In this class of cases seldom do we find evidence so clearly establishing the fact that the property was destroyed by fire communicated by the locomotive; but with this fact against appellant, under the ruling of the court in *New York, etc., R. Co.* v. *Baltz* (1895), 141 Ind. 661, appellees must further show that the fire was started by reason of appellant's fault in negligently using a defective and insufficient spark-arrester. *Toledo, etc., R. Co.* v. *Fenstermaker* (1904), 163 Ind. 534, 538. Appellant in its behalf offered no evidence on this subject. The evidence supporting the allegation of negligence was circumstantial and must be held sufficient to support the verdict, if from all the circumstances proved the jury might reasonably find that appellant's negligence, as charged, was the proximate cause of the injury to the property. *Pittsburgh, etc., R. Co.* v. *Indiana Horseshoe Co.* (1900), 154 Ind. 322, 333; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701; *Louisville, etc., R. Co.* v. *Balch* (1890), 122 Ind. 583; *Toledo, etc., R. Co.* v. *Fenstermaker, supra;* *McCullen* v. *Chicago, etc., R. Co.* (1900), 101 Fed. 66, 71, 41 C. C. A. 365, 49 L. R. A. 642; *McMillan* v. *Wilmington, etc., R. Co.* (1900), 126 N. C. 725, 36 S. E. 129. In this case the jury had the right to, and no doubt did take into consideration the evidence bearing upon the size and quantity of the coals of fire emitted by the locomotive, the distance they were thrown from the locomotive, and the time they remained alive, whether the spark-arresting apparatus, if in good condition, would prevent their escape in such quantity and size, and the fact that they actually set fire to

appellee's property 100 feet away from such locomotive, as evidentary facts tending to prove that the spark-arrester was defective and unsuitable for use, and a verdict based upon such evidence ought not to be disturbed on appeal. *Toledo, etc., R. Co.* v. *Fenstermaker, supra; Chicago, etc., R. Co.* v. *Ostrander* (1888), 116 Ind. 259, 265; *McCullen* v. *Chicago, etc., R. Co., supra.* The evidence is sufficient to support the verdict.

Appellant's request for a peremptory instruction in its favor was by the court refused. There was no error in this ruling. What we have heretofore said in considering 3. the evidence applies with equal force in support of the action of the court in denying appellant's request.

Appellant also insists that the court erred in giving, upon its own motion, instructions three and five. Appellant argues that both of these instructions were erroneous, for the reason that the law requires only ordinary care, while the instructions complained of told the jury that by law it was required to use a high degree of care and skill to prevent the escape of fire from its engines. In *Toledo, etc., R. Co.* v. *Fenstermaker, supra,* it is said: "The law recognizes the right of a railroad company to employ fire for the production of steam in the operation of its road, and, while the company is required to observe a high degree of care to prevent the escape of fire, yet when it has adopted and maintains, in good repair and condition, the device generally recognized and used by railroads as the best and most approved for the suppression of fire, it has done all the law requires of it." *Pittsburgh, etc., R. Co.* v. *Nelson* (1875), 51 Ind. 150, was an action to recover the value of wood alleged to have been negligently burned by the company. In that case the court held that the law required "the exercise of a high degree of care and skill to ascertain, as near as may be, the best plan for the construction of engines." *Gagg* v. *Vetter* (1872), 41 Ind. 228, 13 Am. Rep. 322. See, also, *Indianapolis Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160,

171; *Chicago, etc., R. Co.* v. *Hunt* (1887), 24 Ill. App. 644; *St. Louis, etc., R. Co.* v. *Gilham* (1866), 39 Ill. 455; *St. Louis, etc., R. Co.* v. *Barnett* (1898), 65 Ark. 255, 45 S. W. 550; *Illinois Cent. R. Co.* v. *Bailey* (1906), 222 Ill. 480, 488, 78 N. E. 833.

The measure of appellant's legal duty was the exercise of ordinary care corresponding to the risk in view of the danger to property from fire communicated from its passing locomotives. Such care requires prudence and vigilance in selecting and keeping in repair practical, and generally recognized as the most approved, appliances for the prevention of such fires. *Toledo, etc., R. Co.* v. *Fenstermaker, supra; Lake Erie, etc., R. Co.* v. *Ford* (1906), 167 Ind. 205. In the case last cited it is said on page 212: "The legal standard of care required in a particular relationship is always the same, although the amount of care thus required depends upon the particular circumstances. * * * 'This standard may vary in fact, but not in law'." Looking to the entire language used by these instructions, we think it is clear, and the jury must have understood, that "high degree of care" had reference to the care and skill required of appellant in equipping its locomotives with approved spark-arresters, and keeping the same in good condition and repair for the purpose intended. From an examination of the entire record in this case it is apparent that the error, if any, was not prejudicial of any of appellant's rights, and therefore harmless. Other objections are urged against instruction five, but in our judgment they are not well taken.

Judgment affirmed.