# MORTIMER, RECEIVER, *v*. DAUB.

[No. 7,579.   Filed June 6, 1912.   Rehearing denied December 20, 1912.]

1. RAILROADS.—*Interurban.*—*Injury to Persons on Highway.*—*Evidence.*—*Sufficiency.*—In an action for injuries sustained in a collision with an interurban car, where the complaint charged that the car was being operated "at an excessive, negligent and careless rate of speed of about thirty miles an hour," thereby causing unusual, excessive and unnecessary noises which frightened plaintiff's team and caused it to turn upon the track in front of said car, whereby plaintiff was injured, evidence showing that there was at the time a city ordinance in force prohibiting the running of cars at a higher rate of speed than ten miles per hour, and that, as the car approached, it was running at twenty-five or thirty miles an hour and made a loud noise and raised considerable dust, was sufficient to justify the jury in finding that the car was operated in excess of the speed allowed by ordinance, and that the team was frightened by the unusual noise and high rate of speed, and was sufficient to charge defendant with liability although there was some evidence tending to show that at the time of the collision the car had slowed down and was not running to exceed eight or ten miles an hour. p. 34.

2. RAILROADS.—*Operation.*—*Excessive Speed.*—*Negligence Per Se.*—It is negligence *per se* for a railroad company to operate its cars in violation of a statute or municipal ordinance regulating the speed thereof, making the company liable for injury proximately caused thereby to one who is himself without fault. p. 35.

3. APPEAL. — *Review.* — *Evidence.* — *Verdict.* — *Conclusiveness.*—Where the evidence is conflicting, the jury's finding in the general verdict will not 'be disturbed on appeal, if there is any evidence tending to support each material issue. p. 35.

4. RAILROADS.—*Interurban.*—*Injury to Persons on Highway.*—*Duty to Stop Car.*—*Instructions.*—In an action for injuries caused by the collision of an interurban car with plaintiff's team, which had become frightened by the approach of such car, an instruction that while those in charge of a car being operated on and through a public street are not required to immediately stop the car on seeing a team manifesting fright, it is the duty of such person to be constantly on the alert and if he discovers a person so situated that injury must follow unless the car is stopped, it is his duty to make all reasonable efforts to stop such car, and his failure to do so will render the company liable for the resulting

damage, is correct and stated the rule with reference to the duty to stop as favorably to appellant as the authorities warrant. p. 36.

5. APPEAL. — Review. — Instructions. — Instructions in an action against a street car company, which attempted only to define certain duties of those in charge of street cars, in the management thereof, for the breach of which there may be a liability against the company, but not purporting to state the entire law of the case, were not objectionable on the ground of ignoring the question of contributory negligence, where other instructions were given which covered that question, since the instructions must be considered as a whole. p. 36.

6. APPEAL.— Review.— Harmless Error.— Instructions.— Error, if any, in omitting the element of contributory negligence from instructions, given in an action for damages for personal injuries, was harmless, where it was not contended at the trial that plaintiff was guilty of contributory negligence, and the evidence does not indicate that he was at any time at fault. p. 37.

7. RAILROADS.—Interurban.—Injury to Persons on Highway.—Instructions.—Issues.—Evidence.—In an action for injuries in a collision with an interurban car, where the complaint alleged that plaintiff's team became frightened through the negligent operation of the car, and that the car ran against the team, and there was some evidence that the car was running in excess of the speed allowed by ordinance, that as it approached it made unusual and loud noise, frightening the team, that the motorman was signalled to stop the car when 300 feet away, and that the speed was not slackened until the team was struck, an instruction which told the jury that when the operator of the car sees another in danger of peril from which he cannot extricate himself by the exercise of reasonable care and prudence, it is the highest duty of the operator to so act as not to increase such peril, and, if he does so act as to increase the peril, with full knowledge of the facts, it is negligence rendering the company liable for the injuries caused thereby, was not objectionable, as injecting the doctrine of "last clear chance," and was warranted by the issues and evidence. p. 37.

8. APPEAL.—Review.—Refusal of Instructions.—Burden of Proof. —An instruction which in substance stated that plaintiff, to recover, must prove each paragraph of his complaint by a preponderance of the evidence, was properly refused. p. 38.

9. APPEAL.—Review.—Refusal of Instructions.—Inapplicability to Issues.—A requested instruction, not shown to be applicable to the issues, was properly refused. p. 38.

10. APPEAL.—Review.—Instructions.—Refusal of Instructions Covered by Others Given.—The refusal of requested instructions is

not error, where the essential elements of such refused instructions were completely covered and better stated in the instructions that were given.  p. 39.

11.  TRIAL.—*Instructions.*—*Repetition of Principles.*—It is not necessary that the rules or principles contained in instructions should be repeated in different language.  p. 39.

12.  TRIAL.—*Instructions.*—*Confidential Relation of Physician and Patient.*—In an action for personal injuries, an instruction is not objectionable which states that the law recognizes the relation of physician and patient as confidential, and that a physician is not competent to testify to matters communicated to him by the patient in the course of his professional services, if the privilege is claimed by the patient, and that plaintiff's failure to call such physician as a witness should not influence the verdict.  p. 39.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Action by Henry Daub against James D. Mortimer, receiver of the Toledo & Chicago Interurban Railway Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*William L. Taylor, James H. Rose* and *William A. Campbell,* for appellant.

*Sharpless & Atkinson* and *Harper & Eggeman,* for appellee.

HOTTEL, C. J.—This is an action for personal injuries. The complaint was in three paragraphs, a demurrer to each of which was overruled.  After the case proceeded to trial, the first paragraph was dismissed, and the case was submitted to the jury on a denial to the second and third paragraphs.  The jury returned a general verdict for appellee in the sum of $1,000, with answers to interrogatories.

As no question is raised as to the sufficiency of either paragraph of the complaint, we set out briefly only enough of the averments to present the questions raised by the appeal.

These averments, common to both paragraphs, are that appellant on the day that appellee was injured, was operat-

Mortimer *v.* Daub—52 Ind. App. 30.

ing interurban cars over King street in the city of Garrett, which was one of the principal streets of said city, extending in an easterly and westerly direction through a populous part thereof; that such street was much used by the citizens of said city; that it was narrow, and the track of said railway company was in or near the center thereof, and the space between the outer rails and the curbing on either side was narrow, affording barely sufficient room for interurban cars to pass a wagon or other vehicle traveling on said street; that appellee on the day of his injury was driving a team of mules toward the west over said street, and one of appellant's interurban cars was approaching him from the west; that each was approaching the other on a straight and level part of said street, where the view was unobstructed for a distance of a quarter of a mile or more; that said car rapidly approached appellee, and was being operated "at an excessive, negligent and careless rate of speed of about thirty miles an hour thereby making traffic on said street dangerous, * * * and endangering the lives and limbs of people and * * * frightening horses * * * of ordinary gentleness;" that "by reason of said excessive * * * rate of speed of said car the same caused a great deal of unusual, excessive and unnecessary noises calculated to frighten horses or mules of ordinary gentleness, which at said time did frighten plaintiff's mules which fact was seen, or could have been seen by the servant * * * operating said car by the exercise of ordinary care," and although such servant knew, or might have known, that said mules were frightened by reason of the approach of said car in said manner, he did not slacken the speed of said car, but continued to approach in the same rapid manner, causing said mules to become more frightened and unmanageable, "then and thereby causing said mules to turn to the left upon the tracks of said company, and said car being so negligently operated as aforesaid ran against the said span of

Vol. 52—3

mules, knocking one of them down against the wagon tongue
* * * * and on account of the sudden jolt'' appellee was-
thrown forward, etc., and injured.

The third paragraph contains additional averments to
the effect that said city of Garrett, at the time of appellee's
injury, had in force and effect an ordinance prohibiting the
running of cars within the limits of said city at a higher
rate of speed than ten miles an hour, and that by the
terms of the franchise granted by said city and accepted
by the railway company, under which it obtained the right
to run its cars over said street, said company was pro-
hibited from running its cars faster than ten miles an hour.

In presenting this appeal, appellant presents and relies
exclusively on the following grounds of his motion for a
new trial, viz.:   (1) That the verdict is not sustained by
sufficient evidence, and (2) that the trial court erred in
giving and refusing certain instructions.

The only point which appellant attempts to raise by the
first ground of his motion is that the evidence shows that the
interurban car was not running at a speed of over
eight or ten miles an hour, and that the collision was
purely an accident, caused by a sudden shying of the
mules toward the car.  While there is evidence tending to sup-
port appellant in his contention, there is also some evidence
supporting the averments of the complaint.  There was some
evidence in support of each of the following facts, viz.:
That at the time of said collision there was an ordinance in
full force in said city which prohibited the running of cars
within the limits of the city at a higher rate of speed than
ten miles an hour; that the car in question was traveling
at a high rate of speed; that as it approached appellee's
team it made a loud noise, and raised considerable dust;
that appellee's mules became frightened at the approach-
ing car; that appellee's team was in view of the motorman
when 600 or 650 feet away; that the car was several hun-
dred feet away when the mules commenced to back; that

the motorman saw the team when about 500 feet away, but did not notice them afterwards until just before the collision, when about 25 feet away; that appellee endeavored to control his team, and signalled the motorman in the car when 300 feet away to stop; that the space between the outer rail of the car track and the curb was only about 12 feet; that the speed of the car was not slackened until after it struck appellee's team. Several of the witnesses testified that the car was running at a speed of twenty-five or thirty miles an hour.

Even though it be conceded, as appellant contends, that at the time of the injury to appellee, said car had been slowed down to a speed of three or four miles an hour, there is evidence from which the jury may have found that appellee's mules were frightened by the unusual noise and high rate of speed as it approached them, and that such speed was in excess of that allowed by the city ordinance. This, in connection with the other facts supported by the evidence in the case, was sufficient to charge the railway company with liability, since it is negligence *per se* for a railroad company to operate its cars in viola-

2.  tion of a statute or municipal ordinance regulating the speed thereof, and when such negligence is the proximate cause of injury to a person who is himself without fault, the company is liable in damages. 1 Thompson, Negligence §10; 2 Thompson, Negligence §1900; *Pennsylvania Co.* v. *Horton* (1892), 132 Ind. 189, 31 N. E. 45; *Shirk* v. *Wabash R. Co.* (1896), 14 Ind. App. 126, 42 N. E. 656; *Indiana, etc., R. Co.* v. *Barnhart* (1888), 115 Ind. 399, 16 N. E. 121.

It is a well-settled rule that where there is conflict in the evidence the appellate court will not disturb the jury's finding in the general verdict, if there is any evidence

3.  tending to support each material issue. *Republic Iron, etc., Co.* v. *Berkes* (1904), 162 Ind. 517, 526, 70

N. E. 815; *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348, 81 N. E. 1110.

Appellant next complains of instruction No. 4, given by the court at the request of appellee. This instruction told the jury that "while it is true that those in charge of a street car being operated upon a street car track on and through a public street are not required to immediately stop the car upon seeing a horse or team at the side of the street manifesting fright, nevertheless, it is the duty of the person operating such car to be constantly on the alert and if he discovers a person so situated that injury *must follow unless the car is stopped, it is such operator's duty to make all reasonable efforts to stop said car* and if he fails to do so, the company will be liable for any and all damages that may result." Appellant urges that the instruction ignores the true rule that the motorman is not required immediately to stop his car under said conditions, "unless the situation and all the circumstances would cause a reasonable man to see and believe that damage to the property could not otherwise be avoided." The instruction begins by recognizing the rule contended for, and imposes the duty of stopping only when the operator in charge of the car "discovers a person so situated that injury *must follow* unless the car is stopped," in which case it is charged that it is the operator's duty "to make all *reasonable* efforts to stop the car." The instruction was as favorable to appellant in this respect as the authorities warrant. *Muncie St. R. Co.* v. *Maynard* (1892), 5 Ind. App. 372, 381, 32 N. E. 343; *Fort Wayne, etc., Traction Co.* v. *Miller* (1911), 48 Ind. App. 633, 96 N. E. 496; *Effinger* v. *Fort Wayne, etc., Traction Co.* (1911), 175 Ind. 175, 93 N. E. 855, 33 L. R. A. (N. S.) 123, and authorities cited.

It is further complained that this instruction, and the sixth instruction given at the request of appellee, fail to take into account the question of contributory negligence. It is a sufficient answer to this objec-

tion to say that neither instruction purports to state the entire law of the case, or all the elements necessary to a recovery, but each instruction attempts only to define certain duties of those in charge of street cars, in the management thereof, for the breach of which there may be a liability against such street car company.

Other instructions were given to the jury which covered the question of contributory negligence on the part of appellee. The instructions must be considered as a whole, and when so considered no harm could have resulted from the giving of said instructions. *Morgantown Mfg. Co. v. Hicks* (1910), 46 Ind. App. 623, 633, 92 N. E. 199; *McIntosh v. State* (1898), 151 Ind. 251, 255, 257, 51 N. E. 354; *Union Mut. Life Ins. Co. v. Buchanan* (1885), 100 Ind. 63; *Shields v. State* (1897), 149 Ind. 395, 406, 49 N. E. 351, and authorities cited.

Furthermore, it does not appear that at any time during the trial of the cause was it contended that appellee was guilty of contributory negligence, nor does the evidence indicate that he was at any time at fault. In such a situation the omission of the element of contributory negligence from the instruction, even if erroneous, would be harmless. *Morgantown Mfg. Co. v. Hicks, supra; Indianapolie Traction, etc., Co. v. Menze* (1909), 173 Ind. 31, 33, 88 N. E. 929, 89 N. E. 370; *Pittsburgh, etc. R. Co. v. Higgs* (1906), 165 Ind. 694, 706, 76 N. E. 299, 4 L. R. A. (N. S.) 1081.

Instruction No. 7, tendered by appellee, is next objected to, and is as follows: "It is a sound doctrine that when one who is operating a street car or interurban car sees another in danger or peril from which such other is unable to extricate himself by the exercise of reasonable care and prudence, it is the highest duty of such person so operating said car to so act as not to increase the peril or danger and if he does act thereafter, in the manner so as to increase the peril or danger with full knowledge of the

facts, it is negligence and the company may be made to respond in damages for injury caused by such negligence." It is insisted that this instruction "injects into the case the so-called doctrine of last clear chance," and that "neither the allegations of the complaint nor the evidence in any way give rise to the issue." We think that we have above indicated enough of the averments of the complaint and the evidence to show that the issues, and some evidence introduced thereunder, warranted the giving of the instruction.. *Effinger* v. *Fort Wayne, etc., Traction Co., supra; Muncie St. R. Co.* v. *Maynard, supra; Fort Wayne, etc., Traction Co.* v. *Miller, supra*, and authorities cited; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 496, 497, 77 N. E. 945; *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 410, 413, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942; *Indiana Union Traction Co.* v. *Myers* (1911), 47 Ind. App. 646, 93 N. E. 888, 892.

The refusal to give instruction No. 3, tendered by appellant, is urged as error. This instruction attempts to tell the jury on whom the burden of proof rested, and tells it 8. that if "the evidence as to either paragraph of the complaint is equally balanced so that it does not preponderate on either side" it will be its "duty to find for the defendant." By this instruction appellee would have been required to prove each paragraph of his complaint by a preponderance of the evidence, and for this reason it was properly refused.

Appellant's instruction No. 5, refused, is negative in character, and tells the jury that in view of the allegations of the complaint it has "nothing to do with the giving 9. of any signal of the approach of the car by way of blowing the whistle or sounding the gong or any omission to give such signal." We fail to see wherein this instruction is applicable to the issues, and the page of the record cited by appellant furnishes no evidence which

makes it applicable. Instruction No. 8, tendered by appellant and refused, as applied to the facts of the case at bar, was not a proper instruction, and the rule of law therein contained was more appropriately stated, as applied to said facts in appellant's instruction seven, given by the court. So, as applied to the facts in this case, instruction No. 12, tendered and refused, is covered by and better stated in instruction No. 13, given at appellant's request. Refusal to give other instructions is alleged as error, but an examination of the instructions refused, and those given, discloses that the essential elements of the refused instructions were completely covered by others tendered by appellant and given.

It was not necessary to repeat the same principles or rules in different language. *Baltimore, etc., R. Co.* v. *Reed* (1912), 50 Ind. App. 220, 98 N. E. 141; *New York, etc., R. Co.* v. *Flynn* (1908), 41 Ind. App. 501, 503, 81 N. E. 741, 82 N. E. 1009; *Oil-Well Supply Co.* v. *Priddy* (1908), 41 Ind. App. 200, 204, 83 N. E. 623.

Appellant next contends that the trial court erred in giving of its own motion instruction No. 1, which told the jury that the law recognizes the relation of physician and patient as confidential, and that if the confidential privilege is claimed by the patient, the physician is not a competent witness to testify as to matters communicated to him as such by the patient in the course of his professional services rendered in such case, and, further, that the fact that such physician is not called by the plaintiff as a witness should not in any manner influence the verdict.

It is true that in *City of Warsaw* v. *Fisher* (1900), 24 Ind. App. 46, 55 N. E. 42, this court held a similar instruction bad, but that case has been expressly disapproved by the Supreme Court in *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 484, 90 N. E. 1014, 92 N. E. 337. See, also, *Brackney* v. *Fogle* (1901), 156 Ind. 535, 60 N. E. 303.

No error appearing in the record, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 845. See, also, under (1) 36 Cyc. 1604; (2) 36 Cyc. 1478; (3) 3 Cyc. 348; (4, 7) 36 Cyc. 1632; (5) 38 Cyc. 1778; (6) 3 Cyc. 383; (8) 38 Cyc. 1748; (9) 38 Cyc. 1612; (10) 38 Cyc. 1711; (11) 38 Cyc. 1681; (12) 38 Cyc. 1743. As to the doctrine of remote and proximate cause, see 36 Am. St. 807. As to the relative rights of street car companies and pedestrians and travelers in the street, see note to Western Paving, etc., Co. v. Citizens St. R. Co., (Ind.) 25 Am. St. 475. For a discussion of the operation of street railway cars in violation of a municipal ordinance as negligence per se, see 9 Ann. Cas. 840, 8 L. R. A. (N. S.) 1093. As to injuries by street car collisions with vehicles or horses, see 25 L. R. A. 508. As to frightening horse by street car, see 34 L. R. A. 482; 21 L. R. A. (N. S.) 283.