Edward Steckler, Appellee, v. Southern Railway Company, Appellant.

INSTRUCTIONS—*particular phrase held not erroneous.* Held, that the use of the phrase "and you should so find" in the instruction complained of, did not constitute such error as required a reversal.

Action in case. Appeal from the Circuit Court of Wabash county; the Hon. P. A. PEARCE, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

GREEN & RISLEY and KRAMER, KRAMER & CAMPBELL, for appellant; EDWARD P. HUMPHREY, of counsel.

P. J. KOLB, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit against appellant to recover damages for injuries to his orchard, lying along appellant's right of way some four miles east of Mt. Carmel, by fire claimed to have been set by engines passing on appellant's track. Appropriate pleadings were filed and the trial resulted in a verdict and judgment for appellee for $700.

Appellant's contentions are that appellee failed to prove the fire was set out by an engine of appellant, that the verdict and judgment were grossly excessive, and that there was error in the first and third instructions given for appellee.

Appellee's premises were located on the south side of and adjoining appellant's right of way. The orchard which was injured consisted of about ten acres. Next to the right of way there were apple and peach trees, covering about two acres of ground, separated from the remainder of the orchard, which was set to pear trees, by a rail fence. The peach and apple orchard had been sown to clover, of which there was a good stand; while in the pear orchard, of which some 6 1-2 acres were burned over, there was a heavy growth of blue grass. Appellant's railroad passes appellee's premises on a grade about a mile in length rising towards the east, and the orchard is about a quarter of a mile from its beginning. The fire occurred on September 2, 1908, and on that day a passenger train of appellant passed the orchard in question, going east at about 2 o'clock p. m. and another passenger train going west passed the same point some fifteen minutes later. Two witnesses, who were driving home from Mt. Carmel, heard the train going east when they were about a mile and a half from the orchard and soon afterwards saw smoke in the direction of appellee's premises. When they arrived there, appellee's wife came out and asked them to come and help fight the fire which they did. The wind at that time was blowing from the northeast, which was from the direction

of the railroad, toward appellee's buildings. It is undisputed that the right of way of appellant had been mowed a week or two before the fire, and that the weeds and grass which had been cut, had not been removed therefrom. When the two witnesses arrived, the fire had already burned off the weeds and grass on appellant's right of way and was going through the orchard towards appellee's buildings. After the fire was put out near the buildings, the witnesses went over to the railroad right of way, where the fire continued to burn towards the west, until it reached a farm crossing. Another witness who arrived at the place when the fire had nearly reached the house, testified that the wind was from the northeast and that the fire came towards the house from the direction of the railroad.

Appellant's employes in charge of the trains going east and west, at the time in question, were not witnesses upon the trial, and there was no one who testified directly to seeing sparks or fire come from an engine of appellant and ignite the combustible matter upon the right of way. But in I. C. R. R. Co. v. Bailey, 222 Ill. 480, it was held, the fact that fire was communicated by a railroad engine, might be established by proof of circumstances, giving rise to an inference of that fact, provided such circumstances constituted a preponderance of the evidence. In this case the jury evidently concluded that the preponderance of the evidence justified the inference that the fire in question was set by one of appellant's engines, and we cannot say that this inference was not warranted by the proof.

The most serious question, as it appears to us, in this case, is the claim of appellant that the verdict and judgment were so grossly excessive, that they should not be permitted to stand. A considerable quantity of evidence was introduced upon this question and the same is discussed at length and in detail by counsel for the respective parties. We have considered this matter carefully but believe it would be unprofitable to dis-

cuss the same in this opinion, further than to say that appellee introduced witnesses who testified that his damages amounted to from $1700 to $2500 while appellant's witnesses, on the same subject, placed the damages from $270 to $400. It is difficult for us to determine which witnesses were more nearly correct in their estimates, and we are content to leave that question to the jury and court below, who saw the witnesses and were better enabled to know what credit to give to their testimony.

The objection to the first instruction, given for appellee, is that it is in substance a direction to the jury to find appellant guilty. It appears from an examination of the instruction, however, that it states conditions under which plaintiff would be entitled to recover and instructs the jury that in such case the defendant would be liable for the damages caused and that they should so find. The particular objection is to the words "and you should so find" contained in the instruction. We do not think these words are objectionable when used in the connection in which they occur in the instruction. The instruction would indeed bear the same import if those words were left out. The other instruction complained of concerns the measure of damages and appears to us to state the rule of law regarding the same, correctly and in the usual form.

The judgment of the court below will be affirmed.

*Affirmed.*